In re REGEALED ICE CO.

In re GREAT LAKES ENGINEERING WORKS.

(District Court, D. Rhode Island. September 19, 1912.)

No. 1,049.

BANKRUPTCY (§ 212*)—INDEMNIFYING BOND—CANCELLATION.

A claimant in bankruptcy proceedings, having been granted authority to remove certain machinery contained in a building belonging to the bankrupt, was ordered to execute a bond to indemnify the trustee against damage to the realty in such removal; but, the realty having been sold, the bond, with the approval of the court and consent of the purchaser, was executed to the purchaser instead, and after removal of the machinery claimant applied for cancellation of the bond. *Held*, that the court, after removal of the machinery, had jurisdiction to order the purchaser to file any claim it might have on the bond for damages within a specified time, and, in default thereof, that the bond be canceled.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 236; Dec. Dig. § 212.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Regealed Ice Company. On petition of the Great Lakes Engineering Works for cancellation of an indemnifying bond. Granted.

See, also, 191 Fed. 931.

Gardner, Pirce & Thornley, of Providence, R. I., for bankrupt.

Frank Healy, for petitioner.

Mumford, Huddy & Emerson, for purchasers.

BROWN, District Judge. This court, having determined that the Great Lakes Engineering Works was entitled to remove certain machinery contained in a building belonging to the bankrupt, Regealed Ice Company, by decree made provision for the removal of the machinery within a limited time, and inserted in the decree a provision requiring of the petitioner a bond to indemnify the trustee against damage that might be caused to the building by the removal of said machinery. Subsequently the trustee in bankruptcy sold the real estate to A. L. Peck and others, trustees. The petitioner, instead of filing a bond to the trustee in conformity with the order of the court, gave its bond to A. L. Peck and others, the purchasers from the trustee. The bond recited the conveyance by the trustee in bankruptcy under the order of this court, and the condition of the bond was to indemnify said A. L. Peck and others in like manner. The said bond to the purchasers was presented to the court, with an order of approval assented to by attorneys for the purchasers of the real estate. Subsequently the petitioner filed its present petition, representing that it had removed without damage to the building the machinery in question, and praying that the bond of indemnity be canceled.

Counsel for the purchasers object that this court has no jurisdiction as a court of bankruptcy, or by reason of any inherent equity power, to cancel the bond, and also that, if the court has pow-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

er, it should not exercise it upon the showing made by the petitioner.

Upon the hearing of the reclamation petition, evidence was heard as to the ability of the petitioner to remove its property from the building, and it was determined upon a consideration of the evidence that the machinery could be removed without injury to the realty. As the petitioner offered to give bond to secure the trustee against damage, the decree provided for such a bond. This provision was inserted out of abundant caution for the protection of the trustee, and in consequence of the willingness of the petitioner to give full assurance of its ability to remove the machinery without injury to the realty. It was rather a voluntary undertaking of the petitioner, embodied in the decree, than a condition which limited its right. See Daniell's Ch. (6th Am. Ed.) 1008. It is quite evident that this condition was merely incidental, and was intended merely to cover possible damage to the real estate from removal of the machinery. It was rather an administrative provision than one affecting the main rights of the parties.

The machinery has been removed, and if it be true, as alleged in the petition, that no damage was done to the building, the petitioner ought not to be subjected to further expense of compensating a surety company for an unnecessary continuance of the bond. As a general principle, upon full performance of a judgment or decree by a party bound thereby, he is entitled to a record of satisfaction. This follows as a necessary incident of the power of a court to enforce its orders and to prevent an abuse of its process.

When in the exercise of its discretion a court imposes terms and conditions in injunction proceedings, the court as an incident to its jurisdiction may either cause damages to be assessed under its own direction or leave the party to his action at law. It is questionable whether, upon its findings, this court would have been justified in imposing upon the petitioner any condition which would derogate from its property right.

As a provision to guard against damages arising in the course of the exercise of its right to take possession of the property, the requirement of a bond was somewhat analogous to its requirement in injunction proceedings. See Russell v. Farley, 105 U. S. 433, 26 L. Ed. 1060.

The motion for cancellation of the bond seems a proper ancillary proceeding, even though the purchasers were made the obligees, instead of the trustee in bankruptcy. The purchasers appeared in the suit by their assent through their attorneys, and the variation in the form of the bond was in consequence of their assent. They thus became quasi parties to the record. 2 Daniell's Ch. (6th Am. Ed.) 1591. The acquirement of an interest from the trustee while the petition for reclamation was still pending did not affect the general character of the proceeding. Root v. Woolworth, 150 U. S. 401, 411, 14 Sup. Ct. 136, 37 L. Ed. 1123; 2 Daniell's Ch. (6th Am. Ed.) 1061, note 5.

I am of the opinion that the petitioner is entitled to an order requiring the obligees named in the bond to file, within 10 days from the entry of the order, any claim that they may have for damages to the real estate conveyed to them by the trustee in bankruptcy, caused by the removal of said machinery, and that, in default of such claim, said bond should be canceled; but upon the filing of a claim, with allegations of damage, the petition may stand for further hearing upon the question of damages.